(No. 737—Claimant awarded $2208.39 with interest.)

W. H. CLAYBERG, ADM. OF THE ESTATE OF ALBERT B. TOMPKINS, Deceased, Claimant, *vs*. STATE OF ILLINOIS, Respondent.

*Opinion filed January 15, 1924.*

INHERITANCE TAX—where an estate has been appraised and the tax assessed, and is paid, and deductions allowable were not made before the tax was assessed, and upon a petition to reopen the case and a hearing thereon the deductions were made and the tax reassessed and reduced: *Held.* Claimant entitled to a refund of the difference between the amount of the tax paid and the amount found due upon the reassessment of the tax.

J. E. HOUSTON and CHARLES C. CRAIG, for claimant.

EDWARD J. BRUNDAGE, Attorney General; GEORGE C. DIXON, Assistant Attorney General, for respondent.

Mr. JUSTICE LEECH delivered the opinion of the court:

This is a claim filed by W. H. Clayberg, administrator of the estate of Albert B. Tompkins, deceased, late of the County

of Fulton, State of Illinois, who departed this life on the 20th day of December, A. D. 1918, intestate.

Letters of administration were issued to W. H. Clayberg in the County Court, in the County of Fulton, State of Illinois; that after the issuance of letters of administration the county judge of Fulton County, Illinois, appointed an appraiser to conduct an appraisement of all property, subject to appraisement, of said Albert B. Tompkins, deceased, under and pursuant to the statutes of the State of Illinois relating to the taxation of gifts, legacies, inheritances, transfers, appointments and interests in such cases, for the purpose of fixing the fair market value of the property subject to said appraisement.

That afterwards on, to-wit, the 13th day of June, 1919, the said appraiser filed his report with the county judge of Fulton County, Illinois, which said report was on the 16th day of June, A. D., 1919, duly confirmed and approved by the said county judge, and on the same day said county judge entered an order fixing the tax payable to the State of Illinois in said matter; that the property so appraised and the interests of the heirs of said decedent and the tax so fixed were as follows: .

Upon the interest of Ethel Tompkins Clayberg, daughter of decedent, the valuation was $374,882.41 and the tax was $7,709.65.

Upon the interest of Nelle Tompkins Clayberg (now Nelle Tompkins Ross), daughter of decedent, the valuation was $374,882.41 and the tax was $7,097.64. .

It appears to the court here that said county judge erroneously fixed the fair market value of the property at the sum aforesaid and the tax payable with respect thereto, that said administrator filed a petition to re-open the original hearing relative to said appraisement for the reason that certain deductions allowable, under the law, from the value of the gross estate had not been allowed by the appraiser or the said county judge, and that there were additional assets which should be added; that said county judge, after due consideration of said petition and the allegations therein contained, having found there were liabilities which should have been allowed against the gross estate, did re-open the original hearing and after a full hearing was had thereon before said county judge, the value of the property so appraisable in said estate, after the allowance of all property deductions from the

gross value thereof, and the tax payable with respect thereto were found to be as follows:

Upon the interest of Ethel Tompkins Clayberg, daughter of the decedent, the valuation was found to be $316,776.30 and the tax payable with respect thereto $5,935.33.

Upon the interest of Nelle Tompkins Clayberg (now Nelle Tompkins Ross), daughter of the decedent, the valuation was found to be $316,766.29, and the tax payable with respect thereto $5,935.33.

The court finds that said W. H. Clayberg, administrator as aforesaid, on, to-wit, the 4th and 14th day of June, respectively, A. D. 1919, and prior to the order of the county judge of Fulton County aforesaid, re-determining and re-assessing said tax, paid to the county treasurer of said Fulton County, Illinois, the amount of the tax levied by the order fixing the tax entered by said county judge (less the discount of 5% allowed by law for payment of said tax, within six months following the death of the decedent), which said payment was made by said administrator pursuant to the statute of the State of Illinois and for the said beneficiaries, Ethel Tompkins Clayberg and Nelle Tompkins Clayberg (now Nelle Tompkins Ross); which said payment was $13,485.53, being $6,742.77 for the account of Ethel Tompkins Clayberg, and $6,742.76 for the account of Nelle Tompkins Clayberg (now Nelle Tompkins Ross).

The county treasurer of said Fulton County admits the payments of the aforesaid amounts.

It appears that the legal amounts which should have been paid by said beneficiaries are as follows:

Ethel Tompkins Clayberg .....................................$5,638.57
Nelle Tompkins Clayberg (now Nelle Tompkins Ross) ............$5,638.57

It further appears to the court, under the evidence presented, that said beneficiaries each overpaid the county treasurer of Fulton County, Illinois, as follows:

Ethel Tompkins Clayberg .....................................$1,104.20
Nelle Tompkins Clayberg (now Nelle Tompkins Ross) ............$1,104.19

The Attorney General files a demurrer, which as a matter of law is sustained. The Attorney General, however, admits the facts in this case as they are alleged in the declaration filed herein and consents to an award in favor of the claimant in the sum of $2,208.39, with interest on said sum from June 14, 1919.

The claimant is therefore awarded the sum of $2,208.39 with interest.